UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPENCER & ELIZABETH ROSADO ) <br>     Plaintiff ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> LDG FINANCIAL SERVICES, LLC ) <br> & JOHN DOE a/k/a AL MITCHELL ) <br>     Defendant ) <br> ) | CIVIL ACTION <br><br> JURY TRIAL CLAIMED <br><br><br><br><br> JUNE 14, 2011 |

### COMPLAINT

1. This is a suit brought by two consumers who have been harassed by the defendant collection agency. This action is for violation of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and includes a pendent claim brought under State law for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2. Plaintiff William Spencer is a natural person residing in West Hartford, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. Plaintiff Elizabeth Rosado is a natural person residing in West Hartford, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

4. The defendant, LDG Financial Services, LLC ("LDG"), is a Georgia Limited Liability Company and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

5. John Doe a/k/a Al Mitchell ("Al Mitchell") is an employee of LDG who works as a debt collector. Al Mitchell's identity and state of residence are not known to Plaintiffs but are ascertainable in discovery.

6. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1367, and 1337.

7. This Court has jurisdiction over LDG because it engages in debt collection within Connecticut.

8. Venue in this Court is proper, because the Plaintiffs are residents and the acts complained of occurred in this state.

9. LDG claimed that Plaintiffs owed a consumer debt on an account that had been assigned to it for collection purposes (the "Account"), and LDG and Al Mitchell began contacting Plaintiffs around Mid-July 2010 in an attempt to collect on the Account.

10. In or around Mid-July 2011, in an attempt to collect on the Account, Al Mitchell called and spoke with Plaintiff William Spencer, and during that conversation, Al Mitchell told him that he had to pay $8,000 by the end of the week or else the Account would be charged off, and that he should borrow the money from his mother; in response, he told Al Mitchell that he had retained an attorney with respect to the Account, and he provided contact information for that attorney to Al Mitchell.

11. Al Mitchell then proceeded to attempt to collect from Plaintiff Elizabeth Rosado the alleged debt related to the Account, and in or around Mid-July 2011, in an attempt to collect on the Account, Al Mitchell engaged in unauthorized communications with Plaintiff Elizabeth Rosado's sister and father, and he also called Plaintiff Elizabeth Rosado's cell phone in an attempt to collect the alleged debt and left messages for her that failed to state that it was a communication from a debt collector.

12. Around that same time, Al Mitchell also called and spoke with Plaintiff Elizabeth Rosado and told her that she had to pay $8,000 by the end of the week or else the Account would be charged off, that she should take out a loan to do so, and he told her that he was looking at her credit and she had good credit and could take out such a loan; in fact, she did not have good credit at that time.

13. In or around August 2010, Al Mitchell began contacting Plaintiff Elizabeth Rosado at her workplace – a grocery store she helped manage – and he left messages with the service desk that resulted in her being paged over the intercom; when she spoke with Al Mitchell in response to these calls, he told her that she needed to pay $8,000 by the end of the week or else the Account would be charged off.

14. Plaintiff responded by telling Al Mitchell that she could not meet that demand and that she did not want him calling her workplace anymore, and Al Mitchell responded by becoming irate and made statements such as "I know where you work" and "I'm not done with this," which statement Plaintiff Elizabeth Rosado found threatening and caused her emotional distress in the form or fear, anxiety, and worry.

15. LDG and Al Mitchell violated the FDCPA and CUTPA.

WHEREFORE, the Plaintiffs seek recovery of actual damages (including emotional distress damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFFS, WILLIAM SPENCER & ELIZABETH ROSADO**

By: /s/Daniel S. Blinn
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457